UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.                                                                  **Criminal Action Number**
                                                                              **3:98CV-99J**
DAVID STAFFORD

## MEMORANDUM AND ORDER

David Stafford was sentenced in April of 1999. In May of 2003, the Court denied his petition pursuant to 28 U.S.C. Sec. 2255, and in October of 2003, the Court denied his motion to reconsider that ruling. This matter is now before the Court on David Stafford's "Rule 35(a) Motion To Correct." After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court concludes that it does not have authority to grant the requested relief.

Federal Rule of Criminal Procedure 35(a) provides that a court has authority to correct sentencing errors that arise from math, technical or other clear error. That authority exists for only seven days following sentencing. Mr. Stafford was sentenced more than six years ago. As neither the "clear error" nor the timeliness provision applies in this case, Fed.R.Crim.P. 35(a) is not properly invoked here.

Furthermore, even if Mr. Stafford had presented his request as a motion pursuant to 28 U.S.C. Sec. 2255, the Court would lack authority to grant the requested relief. Mr. Stafford previously filed a 2255 petition that has been finally ruled upon. Consequently, if he filed another, it would be a "successive" petition, which is subject to strenuous restrictions. Section

1

2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Mr. Stafford has offered no such certification. Title 28 U.S.C. Sec. 2244 (3)(A) provides that before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. There is no showing of any such prior motion.

Even if Mr. Stafford had filed pursuant to Section 2255, and even if this Court did have authority to consider Mr. Stafford's request for relief, applicable legal authority would require that the request be rejected. Mr. Stafford bases his motion on United States v. Booker, 125 S.Ct. 738 (2005). In United States v. Booker, the Supreme Court applied Blakely v.Washington, 524 U.S. 296, 124 S.Ct. 2531 (June 24, 2004) to the United States Sentencing Guidelines, and ruled that they were advisory only. The outstanding question was whether Blakely and Booker would be retroactively applicable. That question, however, has since been authoritatively answered. In Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), the United States Court of Appeals for the Sixth Circuit ruled that Booker does not apply collaterally to a federal defendant whose convictions were final at the time of its pronouncement. This Court is bound by Sixth Circuit rulings. As Mr. Stafford's conviction was final long before either Blakely or Booker, Booker does not apply to his case.

2

The United States argues that this Court should transfer this matter to the Sixth Circuit pursuant to 28 U.S.C. Sec. 1631.  That statutory section provides as follows:

> Whenever a civil action is filed in a court as defined in section 610 of this title ... is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

In the case of In re Sims, 111 F.3d 45 (6th Cir. 1997), the Court established a general rule covering circumstances in which a request to file a successive Sec. 2255 petition is presented to the district court, or a defendant files in district court a successive Sec. 2255 petition without the necessary certification.  In these circumstances, the district court shall transfer the matter to the Sixth Circuit pursuant to 28 U.S.C. Sec. 1631 for a determination of whether it meets the requirements of Section 2244.

Purely as a courtesy -- and in order to prevent unnecessary litigation -- this opinion has pointed out the authority that would prevent success under Sec. 2255.  However, the fact remains that Mr. Stafford did not actually file a Sec. 2255 motion.  Rather, he filed a Motion to Correct, under Fed.R.Crim.P. 35(a).  Accordingly, the Court concludes that it would be inappropriate – and certainly not "in the interest of justice" -- to transfer this matter to the Sixth Circuit.

IT IS ORDERED:

1. Defendant/Movant's Rule 35(a) Motion to Correct is denied.

2. The request of the United States to transfer this matter to the Sixth Circuit is denied.

3. As the law governing rejection of Mr. Stafford's motion is clear, an appeal from this ruling would not be taken in good faith.

This is a final order.